**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Luis GOMEZ–REGIN,
Defendant–Appellant.**

No. 10–30151.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 15, 2011.*

Filed March 17, 2011.

Anthony G. Hall, Esquire, Assistant U.S. Attorney, Justin David Whatcott, Special Assistant U.S. Attorney, Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Leo Griffard, Leo N. Griffard, Boise, ID, for Defendant–Appellant.

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

MEMORANDUM **

Jose Luis Gomez–Regin appeals from the 144–month sentence imposed following his guilty-plea conviction for conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and illegal reentry, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gomez–Regin contends the district court erred by applying a preponderance of the evidence standard rather than a clear and convincing evidence standard in determining whether he had an aggravating role in the offense, pursuant to U.S.S.G. § 3B1.1(b). The three-level increase in offense level resulting from the district court's aggravating role determination is not "extremely disproportionate" and therefore does not warrant application of the clear and convincing evidence standard. *See United States v. Johansson*, 249 F.3d 848, 856 (9th Cir.2001) (finding a four-level increase to be not extremely disproportionate).

To the extent that Gomez–Regin contends the district court erred by applying the adjustment for his role as a manager or supervisor, the district court did not clearly err in light of evidence that Gomez–Regin supplied methamphetamine to some of his co-conspirators, determined who performed particular duties, and financed the initial purchase of methamphetamine. *See United States v. Egge*, 223 F.3d 1128, 1132 (9th Cir.2000) (three-level adjustment was proper where defendant used others to help him sell drugs).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.